# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **PHYLLIS M. HARBOUR,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:07CV00020 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | By: James P. Jones |
| **COMMISSIONER OF** | ) | Chief United States District Judge |
| **SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Roger W. Rutherford, Wolfe, Williams, Rutherford, and Reynolds, Norton, Virginia, for Plaintiff; Andrew C. Lynch, Special Assistant United States Attorney, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I will accept the Report and Recommendation of the magistrate judge and affirm the denial of benefits.

Phyllis M. Harbour challenges the final decision of the Commissioner of Social Security ("Commissioner") denying her claims for supplemental security income and disability insurance benefits under the Social Security Act. The action was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. *See* 28 U.S.C.A. § 636(b)(1)(B) (West 1993); Fed. R. Civ. P. 72(b). Magistrate Judge Sargent filed her Report and Recommendation on May 27, 2008. On June 3, 2008, Harbour filed timely written objections to the report.

I must make a de novo determination of those portions of the magistrate judge's report to which the plaintiff objects. *See* 28 U.S.C.A. § 636(b)(1)(C) (West 2003); Fed. R. Civ. P. 72(b). Under the Social Security Act, I must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987).

For the reasons stated by the magistrate judge in her Report and Recommendation, I find that there was substantial evidence to support the Commissioner's decision denying benefits.

One objection by the plaintiff deserves special mention. The plaintiff was treated by a psychiatrist, Dr. Patel, who stated in a letter dated January 26, 2006, that the plaintiff was unable to be gainfully employed because of her "significant anxiety and depressive symptomatology." (R. 208.) The administrative law judge ("ALJ") gave "little weight" to this opinion, based on other medical information in the record. (R. 18-19.)

The plaintiff contends that it was improper for the ALJ to have rejected Dr. Patel's opinion and that in any event, because "Dr. Patel's handwritten notes are nearly completely illegible, the ALJ should have recontacted him for clarification before rejecting his opinion." (Pl.'s Objections 3.)

While it true that some portions of Dr. Patel's handwritten clinical notes are unreadable, other parts are legible. As the ALJ pointed out, the Assessment of Progress portions of the Psychiatric Progress Notes from Piedmont Community Services, some prepared by Dr. Patel and some by Gail Banks, a licensed clinical social worker, plainly contradict Dr. Patel's January 26, 2006, opinion. It was thus permissible for the ALJ to have rejected the severity of the plaintiff's mental impairment as opined in the letter, particularly since the plaintiff is unable to even suggest what difference further investigation by the ALJ would have made.

An appropriate final judgment will be entered.

DATED: June 9, 2008

/s/ JAMES P. JONES
Chief United States District Judge